UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

ROGER NICKLAW, on behalf of himself and
all others similarly situated,

                 Plaintiff,

    v.

CITIBANK, N.A., CITIMORTGAGE, INC.,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

            Defendants.

No. 13-14309-JEM

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    A.  The Named Plaintiff Has Standing Because The
        Certification Of The Class Relates Back To The Filing Of the Complaint ........................ 3

    B.  This Court Should Not Follow *Damasco* And Its Progeny................................... 10

    C.  Only An Offer Of Judgment Made To The Class Moots A Plaintiff's Claim .................... 14

    D.  Allowing Defendants To Pick Off Named Plaintiffs Will Eviscerate Rule 23.................... 16

    E.  Because Plaintiff Has Not Been Dilatory In Filing A Class
        Certification Motion, Defendant's Pre-Certification Offer Is Ineffective ........................... 18

    F.   A Timely Rejected Rule 68 Offer Is A Legal Nullity ........................................................ 19

CONCLUSION................................................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

*Alpern v. UtiliCorp United, Inc.,*
    84 F.3d 1525 (8th Cir. 1996) ........................................................................................ 1, 15

*Benggio v. Prof'l Recovery Servs., Inc.,*
    No. 12-60168, 2012 WL 2930931 (S.D. Fla. July 18, 2012)................................................. 14

*Bishop's Prop. & Investments, LLC v. Protective Life Ins. Co.,*
    463 F. Supp. 2d 1375 (M.D. Ga. 2006) ............................................... 1, 7, 8,12, 19

*Blackburn v. FEDCorp, Inc.,*
    No. 10-726, 2011 WL 1807631 (M.D. Ala. May 11, 2011)................................................. 1, 20

*Bond v. Fleet Bank (RI), N.A.,*
    No. 01-177L, 2002 WL 373475 (D.R.I. Feb. 21, 2002) ....................................................... 2, 17

*Brown v. Kopolow,*
    No. 10-80593, 2011 WL 283253 (S.D. Fla. Jan. 25, 2011)..................................................... 13

*Capote v. United Collection Bureau, Inc.,*
    No. 09-61834, 2010 WL 966859 (S.D. Fla. Mar. 12, 2010)..................................................... 1

*Chafin v. Chafin,*
    133 S.Ct. 1017 (2012)................................................................................................... 3

*Chen v. Allstate Ins. Co.,*
    No. 13–0685, 2013 WL 2558012, *6 (N.D. Cal. June 10, 2013) ........................................... 10

*Comcast Corp. v. Behrend,*
    133 S. Ct. 1426 (2013).................................................................................................. 11

*Damasco v. Clearwire Corp.,*
    662 F.3d 891 (7th Cir. 2011) ........................................................... 10, 11, 12, 13, 14

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper,*
    445 U.S. 326 (1980)........................................................................... 2, 14, 18, 19, 20

*Diaz v. First Am. Home Buyers Prot. Corp.,*
    No. 11-57239, 2013 WL 5495702, at *3 (9th Cir. Oct. 4, 2013) ....................................... 10, 20

*Genesis Healthcare Corp. v. Symczyk,*
   133 S.Ct. 1523 (2013) ................................................................................ 8, 9, 10, 13

*Harris v. Messerli & Kramer, P.A., No.,*
   No. 06-4961, 2008 WL 508923 (D. Minn. Jan. 2, 2008) ........................................ 12

*Harter v. Beach Oil Co., Inc.,*
   No. 10-0968, 2011 WL 1458726 (M.D. Tenn. Apr. 15, 2011) ............................. 1, 20

*Jancik v. Cavalry Portfolio Servs., LLC,*
   No. 06-3104, 2007 WL 1994026 (D. Minn. July 3, 2007) ................................. 15, 20

*Jenkins v. Gen. Collection Co.,*
   246 F.R.D. 600 (D. Neb. 2007) ................................................................................ 15

*Johnson v. U.S. Bank Nat. Ass'n,*
   276 F.R.D. 330 (D. Minn. 2011) .......................................................................... 2, 19

*Keim v. ADF MidAtlantic, LLC,*
   No. 12-80577, 2013 WL 3717737 (S.D. Fla. July 15, 2013) ................................... 13

*Kennedy Bldg. Assocs. v. Viacom, Inc.,*
   375 F.3d 731 (8th Cir. 2004) ..................................................................................... 2

*Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC,*
   880 F. Supp. 2d 689 (D. Md. 2012) ........................................................... 2, 9, 12, 13

*Knox v. Serv. Employees Int'l Union,*
   132 S.Ct. 2277 (2012) ........................................................................................... 3, 20

*Knutson v. Schwan's Home Serv., Inc.,*
   No. 12-0964, 2013 WL 4774763 (S.D. Cal. Sept. 5, 2013) ..................................... 10

*Krzykwa v. Phusion Projects, LLC,*
   920 F. Supp. 2d 1279 (S.D. Fla. 2012) .................................................................... 13

*Liles v. American Corrective Counseling Servs., Inc.,*
   201 F.R.D. 452 (S.D. Iowa 2001) ............................................................................ 11

*Lucero v. Bureau of Collection Recovery, Inc.,*
   639 F.3d 1239 (10th Cir. 2011) ................................................... 1, 5, 6, 8, 11, 13

*Lynch v. First Nat. Collection Bureau, Inc.,*
   No. 11-60798, 2011 WL 2457903 (S.D. Fla. June 17, 2011) .................................. 14

*Mackenzie v. Kindred Hospitals E., L.L.C.,*
    276 F. Supp. 2d 1211 (M.D. Fla. 2003) .................................................................. 14

*Masters v. Wells Fargo Bank S. Cent., N.A.,*
    No. 12-376, 2013 WL 3713492 (W.D. Tex. July 11, 2013) .................................... 13

*McCauley v. Trans Union, L.L.C.,*
    402 F.3d 340 (2d Cir. 2005) .................................................................................... 20

*McDowall v. Cogan,*
    216 F.R.D. 46 (E.D.N.Y. 2003) ..................................................................... 2, 11, 15

*Moore v. Hecker,*
    250 F.R.D. 682 (S.D. Fla. 2008) ............................................................................. 14

*Morgan v. Account Collection Tech., LLC,*
    No. 05-2131, 2006 WL 2597865 (S.D.N.Y. Sept. 6, 2006) ...................................... 1

*Morrison v. Allstate Indem. Co.,*
    228 F.3d 1255 (11th Cir. 2000) ................................................................................. 8

*Mullinax v. United Mktg. Grp., LLC,*
    No. 10-03585, 2011 WL 4085933 (N.D. Ga. Sept. 13, 2011) ............................... 1, 8

*Orrick v. Midland Credit Mgmt., Inc.,*
    No. 11-03133, 2013 WL 657877 (D. Colo. Feb. 22, 2013) ...................................... 3

*Pitts v. Terrible Herbst, Inc.,*
    653 F.3d 1081 (9th Cir. 2011) ................................................................... 1, 3, 5, 8, 16

*Sampaio v. People First Recoveries, LLC,*
    No. 07-22436, 2008 WL 509255 (S.D. Fla. Feb. 19, 2008) ..................................... 1

*Sanchez v. Verified Pers., Inc.,*
    No. 11-2548, 2012 WL 1856477 (W.D. Tenn. May 21, 2012) ............................... 13

*Sandoz v. Cingular Wireless LLC,*
    553 F.3d 913 (5th Cir. 2008) .................................................................................... 1

*Sandusky Wellness Ctr. LLC v. Medtox Scientific, Inc.,*
    No. 12-2066, 2013 WL 3771397 (D. Minn. July 18, 2013) ............................... 2, 10

*Scarfo v. Ginsvberg,*
    175 F.3d 957 (11th Cir, 1999) ................................................................................... 2

*Schaake v. Risk Mgmt. Alternatives, Inc.,*
    203 F.R.D. 108 (S.D.N.Y. 2001) ........................................................... 2, 17, 19

*Sosna v. Iowa,*
    419 U.S. 393 (1975)........................................................................... 3, 4,6

*Smith v. GTE Corp.*
    236 F.3d 1292 ...................................................................................... 8

*Stewart v. Cheek & Zeehandelar, LLP,*
    252 F.R.D. 384 (S.D. Ohio 2008) ..................................... 1, 2, 16, 17, 18, 19

*United States v. Dean,*
    604 F.3d 1275 (11th Cir. 2010) ............................................................. 6

*U.S. Parole Comm'n v. Geraghty,*
    445 U.S. 388 (1980)......................................................................... 3, 4, 6

*Velasquez v. Digital Page, Inc.,*
    No. 11-3892, 2013 WL 3376903 (E.D.N.Y. July 8, 2013).......................... 9, 10

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) ......................................................................... 11

*Webb v. Republic Bank & Trust Co.,*
    No. 11-00423, 2013 WL 5447709 (W.D. Ky. Sept. 30, 2013)...................... 10

*Weiss v. Regal Collections,*
    385 F.3d 337 (3d Cir. 2004)..................................................... 1, 4, 5, 8, 13,17

*White v. Ally Fin. Inc.,*
    No. 12-00384, 2013 WL 164156 (S.D.W. Va. Jan. 15, 2013)......................... 1

*White v. OSI Collection Servs., Inc.,*
    No. 01-343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001) .......................... 2, 17

*Zeidman v. J. Ray McDermott & Co., Inc.,*
    651 F.2d 1030 (5th Cir. 1981) ....................................................... passim

*Zinni v. ER Solutions, Inc.,*
    692 F.3d 1162 (11th Cir. 2012) ............................................................. 14

## <u>Rules</u>

Federal Rule of Civil Procedure 23 ....................................................................... passim

Federal Rule of Civil Procedure 68 ....................................................................... passim

## <u>Other Authorities</u>

3B J. Moore, Moore's Federal Practice ¶ 23.50 (2d ed. 1985) ..................................................... 8

Plaintiff Roger Nicklaw respectfully submits this memorandum of law in opposition to Defendant CitiMortgage Inc.'s ("CitiMortgage")[1] motion to dismiss the Complaint.

## INTRODUCTION

By adopting the tactic of offering individual relief under Federal Rule of Civil Procedure 68 in an effort to "pick off" named plaintiffs before classes can be certified, the defense bar hopes to gut Federal Rule of Civil Procedure 23.  But this tactic has been rejected by the vast majority of courts that were asked to dismiss a proposed class complaint following an offer of judgment made before the named plaintiff has a reasonable opportunity to move for class certification.   In fact, Defendant's tactic is foreclosed by pre-split Fifth Circuit precedent.  *See Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981).  Only one Circuit Court of Appeals, the Seventh, has opined that a defendant may pick off the named plaintiff at the outset of litigation.  In addition to the pre-split Fifth Circuit, every other Circuit Court of Appeals that has addressed this issue rejects Defendant's tactic.[2]  The majority of district courts in this Circuit likewise reject the tactic,[3] as do the majority of district courts in circuits that have not addressed the issue.[4]  There is no dispute that courts supporting

---

[1] The parties have stipulated to the dismissal of Citibank, N.A. and Mortgage Electronic Registration Systems, Inc. *See* Docket No. 25.

[2] *See Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090-92 (9th Cir. 2011).

[3] *See Capote v. United Collection Bureau, Inc.*, No. 09-61834, 2010 WL 966859, at *2 (S.D. Fla. Mar. 12, 2010) ("It is also well-recognized that a Rule 68 offer of judgment to a plaintiff does not moot a case brought as a class action pursuant to Rule 23 prior to a determination on class certification."); *Sampaio v. People First Recoveries, LLC*, No. 07-22436, 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008); *Mullinax v. United Mktg. Grp., LLC*, No. 10-03585, 2011 WL 4085933, at *5 (N.D. Ga. Sept. 13, 2011); *Blackburn v. FEDCorp, Inc.*, No. 10-726, 2011 WL 1807631, at *4 (M.D. Ala. May 11, 2011); *Bishop's Prop. & Investments, LLC v. Protective Life Ins. Co.*, 463 F. Supp. 2d 1375, 1382 (M.D. Ga. 2006).

[4] *See, e.g., White v. Ally Fin. Inc.*, No. 12-00384, 2013 WL 164156, at *6 (S.D.W. Va. Jan. 15, 2013); *Harter v. Beach Oil Co., Inc.*, No. 10-0968, 2011 WL 1458726, at *2 (M.D. Tenn. Apr. 15, 2011); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008);  *Morgan v. Account Collection Tech., LLC*, No. 05-2131,

Defendant's tactic are in the minority.[5]  The Supreme Court also expressed disapproval of the tactic.  *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980).

Courts that approve of Defendant's tactic fail to account for the Supreme Court's flexible mootness jurisprudence, pursuant to which the certification of a class "relates back" to the filing of the complaint, and the mootness of the named plaintiff's claim does not deprive a court of jurisdiction to hear a proposed class action because there is still a live controversy.  Defendant's tactic is also incompatible with the rule in this Circuit that a class has an independent legal status that arises from the filing of the complaint.  Not adopting the relation back exception to mootness allows defendants to opt out of Rule 23 and will waste judicial resources as similarly situated persons will be required to bring multiple individual actions.  Defendant's motion should be denied.

## ARGUMENT

A defendant's rejected offer of judgment made solely to the named plaintiff before a class certification motion can be timely filed does not deprive a district court of jurisdiction. Therefore, Defendant's motion should be denied.[6]

---

2006 WL 2597865, at *8 (S.D.N.Y. Sept. 6, 2006); *White v. OSI Collection Servs., Inc.*, No. 01-343, 2001 WL 1590518, at *6 (E.D.N.Y. Nov. 5, 2001); *Bond v. Fleet Bank (RI), N.A.*, No. 01-177L, 2002 WL 373475, at *8 (D.R.I. Feb. 21, 2002); *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003).

[5]  *See Stewart*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) ("[M]ost [courts] have endorsed the view that the settlement offer will not moot the named plaintiffs' claims so long as the plaintiffs have not been dilatory in bringing their certification motion.") (citing cases); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23."); *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 333 (D. Minn. 2011) ("Courts have generally rejected this tactic . . .").

[6]  Defendant argues that this Court need not presume that Plaintiffs' allegations are true.  Def. Mem. at 6.  However, Defendant bears the "'heavy burden of proving mootness' . . . as the party asserting that the case has become moot.'"  *Sandusky Wellness Ctr. LLC v. Medtox Scientific, Inc.*, No. 12-2066, 2013 WL 3771397, at *1 (D. Minn. July 18, 2013) (denying motion to dismiss following Rule 68 offer and quoting *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004).  Here, unlike in *Scarfo v. Ginsvberg*, 175 F.3d 957 (11th Cir. 1999), there are no factual disputes, and therefore the lenient standards of Rule 12(b)(6) apply.  *See Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689, 691-92 (D. Md. 2012) (denying motion to dismiss following pre-certification offer of judgment and holding that "[g]iven the absence of factual disputes and

**A.   The Named Plaintiff Has Standing Because The
Certification Of The Class Relates Back To The Filing Of The Complaint.**

Defendant's tactic depends on the simple notion that a named plaintiff whose claim has been mooted by an offer of judgment does not have individual standing and therefore cannot represent a proposed class.  Def. Mem. at 10-11.  But this is a myopic view of mootness.  To the contrary, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."  *Chafin v. Chafin,* 133 S. Ct. 1017, 1023 (2012) (internal quotation marks omitted).  Thus, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Serv. Employees Int'l Union*, 132 S. Ct. 2277, 2287 (2012) (quotation omitted).   Indeed, the mootness doctrine is far more flexible that Defendant assumes.  "Although the Supreme Court has described mootness as a constitutional impediment to the exercise of Article III jurisdiction, the Court has applied the doctrine flexibly, particularly where the issues remain alive, even if the plaintiff's personal stake in the outcome has become moot."  *Pitts*, 653 F.3d at 1087 (citation and quotation omitted).[7]

Supreme Court precedent addresses mootness issues in the context of class actions. When a plaintiff's claim is transitory in nature, the mootness of the named plaintiff's claim does not deprive a court of subject matter jurisdiction when the case involves absent plaintiffs whose interests are at stake.  Thus, in *Sosna v. Iowa*, 419 U.S. 393 (1975), the Court recognized:

> There may be cases in which the controversy involving the named plaintiffs is
> such that it becomes moot as to them before the district court can reasonably be
> expected to rule on a certification motion.   In such instances, whether the
> certification can be said to 'relate back' to the filing of the complaint may depend

---

discovery, it is proper to apply the relatively lenient 12(b)(6) standard of review.") (citation omitted).  *See also Orrick v. Midland Credit Mgmt., Inc.*, No. 11-03133, 2013 WL 657877, at *1 (D. Colo. Feb. 22, 2013) (denying motion to dismiss following pre-certification offer of judgment).

[7] *See also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 401 (1980) (Art. III justiciability is "not a legal concept with a fixed content or susceptible of scientific verification.") (quotation omitted).

upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Id.* at 402 n. 11.[8]  One such case arises when a defendant tries to pick off plaintiffs using a Rule 68 offer of judgment; in such cases, the majority of courts hold that the certification of the class relates back to the filing of the complaint, rendering the offer of judgment of no consequence.

*Weiss* is particularly instructive on this point.  There, as here, the defendant made a Rule 68 offer of judgment for the plaintiff's individual statutory damages before the plaintiff had a reasonable opportunity to move for class certification.  *Weiss*, 385 F.3d at 339.  The *Weiss* court noted the obvious tension between Rule 68 and Rule 23 in these circumstances:

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.  As in *Roper,* allowing the defendants here to "pick off" a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.

*Weiss*, 385 F.3d at 344.  The Third Circuit then recognized that Supreme Court precedent compels the view that, where a named plaintiff's claims might be transitory in the sense that they may be resolved before class certification proceedings can run their course, the certification of the class relates back to the filing of the complaint and the named plaintiff as a member of the class has an independent legal status beyond that of an individual adversary:

> The mootness exception recognizes that, in certain circumstances, to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided.  By relating class certification back to the filing of a class complaint, the class representative would retain standing to litigate class certification though his individual claim is moot.

*Weiss*, 385 F.3d at 347 (citing *Sosna*, 419 U.S. 393, 399 and *Geraghty*, 445 U.S. 388).

---

[8]  *See also Geraghty*, 445 U.S. at 399 (1980) ("Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.").

The *Weiss* court conceded that a named plaintiff's claims are not transitory in the sense that they may disappear solely owing to the passage of time, but it concluded that the defendant's pick-off attempt rendered the claims susceptible to mootness and therefore transitory:

> The relation back doctrine generally has been used for inherently transitory claims.  Although Weiss's claims here are not "inherently transitory" as a result of being time sensitive, they are acutely susceptible to mootness, in light of defendants' tactic of picking off lead plaintiffs with a Rule 68 offer to avoid a class action.  As noted, this tactic may deprive a representative plaintiff the opportunity to timely bring a class certification motion, and also may deny the court a reasonable opportunity to rule on the motion.

*Weiss*, 385 F.3d at 347 (citations and quotations omitted).[9]

The *Weiss* court thus held that, so long as the named plaintiff does not unreasonably delay the filing of a class certification motion, an offer of judgment does not moot the plaintiff's claims:

> In circumstances like these, we believe the relation back doctrine should apply. Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

*Weiss*, 385 F.3d at 348.

*Lucero* is also persuasive.  There, as here and as in *Weiss*, the Tenth Circuit was called on to "decide whether a class-action complaint must be dismissed for mootness upon the tender of a Fed. R. Civ. P. 68 offer of judgment for the full amount of the individual Plaintiff's monetary claim in the absence of undue delay in filing a motion for class certification."  *Lucero*, 639 F.3d at 1240.  The *Lucero* court concluded that, under Supreme Court precedent, unnamed class members have an interest in class action proceedings even before certification:

---

[9]  *See also Pitts*, 653 F.3d at 1091 (9th Cir. 2011) ("But we see no reason to restrict application of the relation-back doctrine only to cases involving *inherently* transitory claims.  Where, as here, a defendant seeks to 'buy off' the small individual claims of the named plaintiffs, the analogous claims of the class -- though not *inherently* transitory -- become no less transitory than inherently transitory claims . . .").

> By attributing a legal status in the case or controversy to unnamed class members apart from that of the class representative, *Sosna* suggests that in a proposed class action the non-named class members have an unyielding interest that could precede the moment of class certification -- the premise appearing to be that any live Article III interest a class may or may not have in a case is or is not present from its inception . . . *Sosna* apparently acknowledges that the personal stake of the indivisible class may inhere prior to a definitive ruling on class certification.

*Id.* at 1245.  Because the pre-certification class has an independent status and legal interest, and because the named plaintiff seeks to represent that class, the *Lucero* court concluded that, even pre-certification, the existence of contested issues are sufficiently concrete and real to create a live controversy, thus precluding a finding of mootness:

> But the premise of *Sosna* and the holding of *Geraghty* compel us to conclude that a named plaintiff in a proposed class action need not accept an offer of judgment or risk having his or her case dismissed as moot before the court has had a reasonable time to consider the class certification motion.  Instead we conclude that a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III.  This is so because, notwithstanding the rejected offer of judgment, the proposed class action continues to involve "sharply presented issues in a concrete factual setting" and "self-interested parties vigorously advocating opposing positions." *Geraghty,* 445 U.S. at 403, 100 S. Ct. 1202.

*Lucero*, 639 F.3d at 1249.

The pre-split Fifth Circuit decision in *Zeidman*, which is binding authority in this District,[10] rested on the same grounds: "This exception to the general rule relied upon by the district court in this case is typically designated as the 'relation back doctrine.'  When applicable, it allows the district court a reasonable opportunity to rule on a pending motion for class certification despite the intervening mootness of the named plaintiffs' individual claims." *Zeidman*, 651 F.2d at 1047.  Like *Weiss*, the *Zeidman* court found that a named plaintiff's claim that is subject to mootness is transitory and therefore the relation back doctrine applies:

---

[10]  *See United States v. Dean*, 604 F.3d 1275, 1279 (11th Cir. 2010) ("Decisions of the Fifth Circuit prior to the Eleventh Circuit's split from the Fifth Circuit are binding on the Eleventh Circuit.") (citation omitted).

"Controversies which are so transitory that no class can be certified before the claims of all original plaintiffs become moot are in effect 'capable of repetition, yet evading review,' and we note that the Court emphasized the importance of 'the reality that otherwise the issue would evade review' in its brief discussion of the relation back doctrine.'" *Zeidman*, 651 F.2d at 1047.[11]

The *Zeidman* court explicitly held that, so long as a named plaintiff is in danger of being picked off by a defendant, the relation back doctrine applies:

> [W]hile we recognize that the named plaintiffs in this case have not presented claims which by their nature are so transitory that no single named plaintiff with such a claim could maintain a justiciable case long enough to procure a decision on class certification, we believe that the result should be no different when the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification. By tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on certification is reached.

*Zeidman*, 651 F.2d at 1050.

Thus, the pre-split Fifth Circuit squarely condemned Defendant's tactics:

> The fact remains that in those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage. This result is precisely what the relation back doctrine of *Sosna*, *Gerstein* and *Swisher* condemns, and we see no difference when it is caused by the defendant's purposive acts rather than by the naturally transitory nature of the controversy.

---

[11] Defendant may attempt to distinguish *Zeidman* on the basis that in that case, a class certification motion had been filed. But "Defendant's argument misses the point of *Zeidman*. The *Zeidman* court did not establish the 'filing of a motion for class certification' as a rigid prerequisite for the relation back exception. In fact, the Supreme Court . . . expressly provides that the relation back principle, depending upon the circumstances, may authorize a relation back to the 'filing of the complaint.' The *Zeidman* court explained that in those cases 'in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion [,] ... whether the certification can be said to 'relate back' to *the filing of the complaint* may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.' *Zeidman,* 651 F.2d at 1047 (emphasis added)." *Bishop*, 463 F. Supp. 2d at 1379-80 (emphasis in original).

*Zeidman*, 651 F.2d at 1050.[12]

The rule that a court has jurisdiction to adjudicate a proposed class action even if the named plaintiff's claim has been mooted is further mandated by the rule in this Circuit that a class has independent legal status, not just after a class has been certified, but as soon as the plaintiff brings a purported class action by filing a complaint seeking class certification. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) ("Although no class has been certified yet, we treat the suit as a class action for present purposes [of determining the amount in controversy].") (quotation omitted).[13]

Defendant argues that the Supreme Court endorsed its tactic in *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523, 1529–32 (2013). There are two reasons why *Genesis* did not change the mootness doctrine in the context of Rule 23 class actions. First, the *Genesis* Court explicitly chose not to reach the question of whether a rejected offer moots a named plaintiff's claims because the plaintiff there, unlike Plaintiff here, inexplicably conceded that his claim was moot.[14] Because the plaintiff conceded that his claim was moot, the Court only "assume[d], without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." *Id.* at 1528-29. Second, *Genesis* involved an opt-in collective action under the Fair Labor Standards

---

[12] *See also Mullinax*, 2011 WL 4085933, at *5 (finding that *Zeidman* is consistent with *Weiss*, *Lucero*, and *Pitts* and holding that "[T]he Court declines to find the class action moot, even though plaintiff's personal claims have been rendered moot. When plaintiff files a timely motion for certification, that motion will relate back to the filing of the complaint."); *Bishop*, 463 F. Supp. 2d at 1382 ("[A]s explained in *Zeidman*, the issue presented by Plaintiff's Complaint would evade review due to Defendant's 'purposive acts' if the Court were to find that Plaintiff lacked standing to pursue the class action.").

[13] *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1304 (11th Cir. 2001) ("[T]his suit was filed as a class action and until the class certification is denied, we must treat it as a class action."); 3B J. Moore, Moore's Federal Practice ¶ 23.50 (2d ed. 1985) ("In the interim between the commencement of the suit as a class action and the court's determination as to whether it may be so maintained it should be treated as a class suit.").

[14] "While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us . . ." *Genesis*, 133 S. Ct. at 1528-29. Here, Plaintiff denies that his claim is moot.

Act ("FLSA"), and the Court distinguished *Roper* (which precludes Defendant's pick off tactic) because that case, like the case at bar, involved a class action. *Genesis*, 133 S. Ct. at 1532.  In particular, the *Genesis* court distinguished collection actions from class actions because the former, which requires that plaintiffs opt-in, do not have independent legal status pre-certification, whereas class actions do have such a status pre-certification. *Id.* at 1530.[15]  This holding is entirely consistent with the rule in the Eleventh Circuit that a class action must be treated as such from the inception of the suit, and with the relation back doctrine, which requires that a class action be treated as such unless class certification is denied.

Thus, as a number of courts have held, *Genesis* does not control where, as here, a named plaintiff rejects an offer of judgment and does not concede that a claim is moot.  *Kensington* is persuasive.  After losing a motion to dismiss on mootness grounds, the defendant moved for interlocutory appeal, citing *Genesis*; the court held that *Genesis* does not stand for the proposition that the relation back doctrine is unavailable in cases like the one at bar, notwithstanding the fact that "the *Genesis* Court indicated that statutory claims are not 'inherently transitory' and that the relation back doctrine does not apply to cases where non-'inherently transitory' claims are fully satisfied before class certification." *Id.* at 6.  The *Kensington* court reasoned:

> [T]his part of the *Genesis* decision is dicta.  Furthermore, *Genesis* involved a FLSA collective action, whereas this case presents a Rule 23 class action.  In this connection, the *Genesis* Court wrote that "Rule 23 actions are fundamentally different from collective actions under the FLSA...." 133 S. Ct. at 1529 (citation omitted).  Therefore, it is unclear that the *Genesis* Court's dictum that the relation back doctrine does not apply when the plaintiff's statutory claims become moot before class certification applies in the Rule 23 context.  Moreover, even if the

---

[15]  *See Velasquez v. Digital Page, Inc.*, No. 11-3892, 2013 WL 3376903, at *3 (E.D.N.Y. July 8, 2013) ("In this regard, the Court drew a critical distinction between FLSA collective actions, certified for the purpose of giving notice to potential opt-in members, and class actions commenced pursuant to Rule 23 of the Federal Rules of Civil Procedure.  While noting that Rule 23 classes acquire independent legal status after certification, the Court afforded no such status to FLSA collective actions.") (citing *Genesis,* 133 S. Ct. at 1530.).

relation back doctrine does not apply, it does not follow that the Supreme Court—or Fourth Circuit—would not recognize another exception to mootness under the facts of this case.  Therefore, *Genesis* does not answer the question before the Court.

*Id.*[16]

## B.    This Court Should Not Follow *Damasco* And Its Progeny.

Only one Circuit Court of Appeals allows defendant's to pick off plaintiffs before they have a reasonable chance to file a motion for class certification.  *See Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir. 2011).  However, *Damasco* does not adequately address the Supreme Court's relation back doctrine, it is inconsistent with *Zeidman*, and the solution *Damasco* offers to prevent pick off attempts (that plaintiffs file unsupported motions for class certification with a complaint) is impracticable.  Therefore, this Court should not follow *Damasco* and its progeny.

As noted above, the Supreme Court has created a mootness exception in the context of class actions whereby the certification of a class relates back to the filing of the complaint.  *Damasco* all but ignores this line of cases.  That court noted that the plaintiff made the relation back argument, but instead of addressing those arguments, the Seventh Circuit merely held that

---

[16] *See also Sandusky*, 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) ("*Genesis* . . . distinguished FLSA collective actions from class actions . . . In doing so, the Court ignored Rule 23 precedent, explaining that 'these cases are inapposite . . . because Rule 23 actions are fundamentally different from collective actions under the FLSA.' *Id.* at 1529 . . . Thus, the Court does not apply *Genesis* to these facts.") (citing *Chen v. Allstate Ins. Co.,* No. 13–0685, 2013 WL 2558012, *6 (N.D. Cal. June 10, 2013) (noting that in *Genesis,* the "plaintiff herself had conceded mootness)); *Knutson v. Schwan's Home Serv., Inc.,* No. 12-0964, 2013 WL 4774763, at *11 (S.D. Cal. Sept. 5, 2013) (same); *Velasquez v. Digital Page, Inc.,* No. 11-3892, 2013 WL 3376903, at *2 (E.D.N.Y. July 8, 2013) ("Moreover, the Supreme Court's specific assertion in *Genesis* that it was not deciding the broader issue of whether a rejected Rule 68 offer would always render a plaintiff's individual claim moot also renders that case non-dispositive."). *C.f. Diaz v. First Am. Home Buyers Prot. Corp.,* No. 11-57239, 2013 WL 5495702, at *3 (9th Cir. Oct. 4, 2013) (citing *Genesis* and noting that "Diaz's first argument requires us to decide whether an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim is sufficient to render the claim moot.  The Supreme Court has yet to address this issue."); *Webb v. Republic Bank & Trust Co.,* No. 11-00423, 2013 WL 5447709, at *3 (W.D. Ky. Sept. 30, 2013) ("[T]he Supreme Court was procedurally barred from addressing whether the defendant's Rule 68 offer afforded the plaintiff complete relief, thus mooting her claim . . . *Genesis* . . .does not dictate the result suggested by Defendant.").

the exception other circuits adopt (which is mandated by the Supreme Court's relation back doctrine) is unnecessary because plaintiffs can just file motions for class certification with the complaint.  *Id.* at 896.  This ruling is inconsistent with *Zeidman*, which expressly adopted the relation back doctrine.  *Zeidman*, 651 F.2d at 1047-49.  It is also inconsistent with the rule in this Circuit that a class action has an independent legal status from the filing of a complaint.

Moreover, *Damasco*'s solution to Defendant's pick off tactic (that plaintiffs should file unsupported class certification motions with a complaint) is impracticable.  Under *Dukes* and *Comcast*, a plaintiff must affirmatively prove each of the Rule 23 requirements, which requires substantive discovery.[17]  Thus, forcing early class certification motions is improper.  *See Lucero*, 639 F.3d at 1244 ("[T]he operation of Rule 68 in the class action context has been criticized for its tendency to force plaintiffs to move for class certification on an inadequate record.") (citation omitted); *McDowall*, 216 F.R.D. at 51 ("[T]he court does not agree . . . that defendants should be allowed to force plaintiffs into hastily-drafted certification motions by making offers of judgment.  Such a policy . . . would encourage a race to the courthouse between defendants armed with uninformed offers and plaintiffs with under-researched certification motions.") (citing *Liles v. American Corrective Counseling Servs., Inc.,* 201 F.R.D. 452, 455 (S.D. Iowa 2001)).

Faced with this obvious impediment to allowing Defendant's tactic, the *Damasco* court and those that follow it conclude that plaintiffs should just file a class certification motion with the complaint along with a request that briefing on that motion be delayed until discovery has been completed.  *Damasco*, 662 F.3d at 896.  This ad hoc procedure is based on an artificial

---

[17]  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

distinction between the filing of a class complaint (which notifies the defendant and the court that the plaintiff intends to seek class certification) and an actual but unsupported motion for class certification.  As the *Bishop* court held, "[t]he fact that the Plaintiff in the present case had not yet had an opportunity to formally file its motion for class certification as of the date of Defendant's tender is a distinction without a difference.  To hold otherwise would be to place form over substance and apply the *Zeidman* holding in an arbitrary manner."  *Bishop*, 463 F. Supp. 2d at 1380.[18]

Indeed, the suggestion that plaintiffs should file a class certification motion with the complaint as a procedural solution is contrary to the Rule 23(c)(1)(A) command that a class certification motion be decided "[a]t an early practicable time," because the procedure is patently impracticable.  As the *Kensington* court held, in rejecting *Damasco*'s reasoning:

> The Seventh Circuit's contrary view in *Damasco* does not persuade the Court. The *Damasco* court bases its decision largely on adherence to its prior decisions. *See* 662 F.3d at 895. *Damasco* also discounts a policy concern that the Court expressed in its Opinion, namely, that pick-offs create a perverse incentive to move for conditional class certification prematurely.  In this regard, the *Damasco* court reasoned that a solution to the pick-off problem is for plaintiffs to move for class certification when they file their complaint . . . Problematically, this procedure puts courts in the position of deciding whether to certify a class before any discovery has been conducted -- even discovery limited to the certification issue.  Thus, it is not conducive to careful determinations of the propriety vel non of class certification.  It also encourages plaintiffs to clutter the docket with motions related to class certification and discovery at the outset when in many cases defendants will presumably move to dismiss. Therefore, although Rule 23 contemplates "early" class certification determinations, *Damasco's* procedure is not "practicable."  *Cf.* Fed. R. Civ. P. 23(c)(1)(A).

---

[18]  *See also Harris v. Messerli & Kramer, P.A.*, No. 06-4961, 2008 WL 508923, at *3 (D. Minn. Jan. 2, 2008) ("With due respect to those courts, however, this Court is unable to discern why the question of mootness should turn on whether a Rule 68 offer is made before or after the putative class representative moves to certify the class.  The putative class representative, in the complaint, makes clear that he is seeking relief not only for himself, but also for a class of which he is a member.  He might move immediately to certify the class, or he might wait a few days, or a few weeks, or a few months.  But the timing of his motion to certify does not change the fact that, at all times, he is a putative class representative seeking relief for a putative class . . .").

*Kensington*, 2013 WL 5476979, at *6.  This Court should not endorse a procedure plainly not contemplated by either the Federal Rules, the Local Rules (which no longer require that a plaintiff file a motion for class certification within ninety days), or this Court's Orders (which include a suggested class certification deadline following a substantial period for discovery).[19]

Defendant also cites to two cases from this District in support of its pick-off tactic, both of which rely heavily on *Damasco*: *Keim v. ADF MidAtlantic, LLC*, No. 12-80577, 2013 WL 3717737 (S.D. Fla. July 15, 2013) and *Krzykwa v. Phusion Projects, LLC*, 920 F. Supp. 2d 1279, 1283 (S.D. Fla. 2012).  With all respect, these cases are outliers.  *Keim* relies on *Damasco*, *id.* at *3, which is in the minority on this issue.[20]  No reported opinion relies on *Keim.  Keim* also cites *Krzykwa*, 920 F. Supp. 2d 1279, 1283 (S.D. Fla. 2012), but, other than *Keim*, no reported opinion relies on *Krzykwa.  Krzykwa* relies almost exclusively on *Damasco*, and wholly fails to consider *Weiss* and *Lucero*, perhaps because the court did not have a well researched brief to inform its decision.[21]  Neither *Keim* or *Krzykwa* address *Zeidman*, which is binding precedent, or the numerous cases from district courts in this Circuit that reject Defendant's tactic.[22]

---

[19] In addition, Defendant's motion to stay is inconsistent with its mootness tactic.  Defendant asks this Court to grant the motion to dismiss on the basis that Plaintiff did not file a motion for class certification before it made the offer of judgment.  Yet Defendant has asked this Court to stay all discovery and other proceedings until the motion to dismiss is decided.  Docket Entry No. 27.  These positions are incompatible -- Defendant should not be heard to argue that Plaintiff has not moved with sufficient alacrity when it asks that the case be delayed, and therefore the motion to dismiss should be denied.  *See Kensington*, 880 F. Supp. 2d at 695 ("[I]t would be counter-intuitive for the Court to use the fact that Kensington has yet to file a motion for class certification against it when Jackson, not Kensington, has filed a Motion to Stay.  Under these circumstances, it would behoove the Court to apply the relation back doctrine to assess the mootness, or lack thereof, of Kensington's class action claim when Kensington moves for class certification.").

[20] *Keim* also relies on *Brown v. Kopolow*, No. 10-80593, 2011 WL 283253 (S.D. Fla. Jan. 25, 2011), but that case did not address mootness in the context of a class action.

[21] *Krzykwa*, 920 F. Supp. 2d at 1283 ("In response to [the defendant's] argument that the mootness doctrine deprives this Court of subject matter jurisdiction, Plaintiffs solely point to an unpublished district court order, which is factually distinguishable from this matter.").

[22] Nor are any other cases upon which Defendant relies persuasive.  The court in *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. 12-376, 2013 WL 3713492 (W.D. Tex. July 11, 2013) read *Genesis* to hold that claims for damages are not transitory.  *Id.* at *5-6.  But, as noted above, *Genesis* does not require such a holding.  *Sanchez v. Verified*

**C.      Only An Offer Of Judgment Made To The Class Moots A Plaintiff's Claim.**

Defendant's motion should also be denied because its offer of judgment did not offer the complete relief Plaintiff seeks.  Plaintiff brings claims on his own behalf and on behalf of the class of other mortgagors he seeks to represent.  Complaint ¶¶ 20-22.  Defendant's offer of judgment was only made to Plaintiff individually; it does not include relief for the class.  Thus, the offer does not provide complete relief for all of the claims Plaintiff asserts.

As then-Justice Rehnquist explained in his concurrence in *Roper*:

> [T]he defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim.  The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims.  So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues.  Acceptance need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (*i. e.*, relief for the class) and any other rule would give the defendant the practical power to make the denial of class certification questions unreviewable.  Since adversity is in fact retained, and this set of facts fits within a "narrow class of cases" where a contrary rule would lead to the "reality" that "otherwise the issue would evade review," I think our precedents provide for the maintenance of this action.

*Roper*, 445 U.S. at 341-42 (citations omitted).

---

*Pers., Inc.*, No. 11-2548, 2012 WL 1856477 (W.D. Tenn. May 21, 2012) is distinguishable because there, the plaintiff was dilatory in bringing a motion for class certification, and the defendant first answered the complaint and waited almost six months before making its offer.  *Id.* at *5.  *Benggio v. Prof'l Recovery Servs., Inc.*, No. 12-60168, 2012 WL 2930931 (S.D. Fla. July 18, 2012) and *Lynch v. First Nat. Collection Bureau, Inc.*, No. 11-60798, 2011 WL 2457903 (S.D. Fla. June 17, 2011) do not address mootness in the class context.  Defendant's citation to *Moore v. Hecker*, 250 F.R.D. 682, 683 (S.D. Fla. 2008) is curious, as that court cites *Sampaio* with approval, which rejected Defendant's tactic in the class context.  *Mackenzie v. Kindred Hospitals E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) is inapposite, as the court explicitly held that decisions with regard to mootness in the class action context were irrelevant on a collective FLSA action.  Other district court cases Defendant cites in support of its pick off attempt are from the Seventh Circuit, where courts are constrained by *Damasco*.  Defendant also cites to *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167 (11th Cir. 2012), but that case does not address mootness in the class certification context, and it merely stands for the conclusion that an offer of settlement without an offer to have judgment entered does not moot a claim.

14

*McDowall* is also persuasive on this issue.  There, as here, the defendant made an offer of judgment only for the full amount of the named plaintiff's statutory damages.  *Id.* at 47.  The offer did not deprive the court of jurisdiction because it was not a complete offer of judgment:

> [A]n offer to a named plaintiff alone is not an offer to the adverse party when the adverse party consists of a class . . . this rule should not be restricted to cases where the class has already been certified.  As discussed above, Rule 23(e) applies even in the context of putative class actions.  Its reach to cases in the pre-certification stage reflects the requirement that courts, for the purposes of settlement, must presume that a class action is "proper," i.e., that the class has been certified, prior to actual certification . . . it follows that the court must understand the "adverse party" for the purposes of settlement to be the putative class itself, not merely the named plaintiff.

*Id.* at 49-50 (citations omitted).[23]  The rule that only a pre-certification offer of judgment made to a proposed class deprives a court of jurisdiction best comports with the purposes of both Rule 68 (to encourage early settlement and avoid unnecessary litigation) and Rule 23 (to allow the efficient aggregation of claims).  As the *McDowall* court explained:

> It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone.  If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.  This resolution allows the court to avoid the potential friction between Rule 68 and Rule 23.  A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class.  If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest.  Nor will a court likely disapprove of a settlement on the basis that it is not fair to the absent class members.

*Id.* at 51-52.

Because Defendant's offer did not include class relief, it does not satisfy all of Plaintiff's claims, and his claims are therefore not moot.

---

[23] *See also Alpern*, 84 F.3d at 1539 ("Acceptance of a tendered offer 'need not be mandated,' as then Justice Rehnquist explained, "since the defendant has not offered all that has been requested in the complaint (*i.e.,* relief for the class)."); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007); *Jancik v. Cavalry Portfolio Servs., LLC*, No. 06-3104, 2007 WL 1994026, at *4 (D. Minn. July 3, 2007).

**D.      Allowing Defendants To Pick Off Named Plaintiffs Will Eviscerate Rule 23.**

Defendant claims that it made the offer of judgment to promote judicial efficiency.  Def.

Mem. at 2.  But Defendant's purpose in making the offer is plain – it hopes to avoid the

consequences of class litigation by picking off the named plaintiff before a class can be certified.

But allowing an offer of judgment to moot a proposed class representative's claim before the

parties and the court have had an opportunity to resolve whether a class should be certified

frustrates the purpose of Rule 23, which is to allow aggregation of claims so that courts can

efficiently adjudicate similar claims at one time rather than piecemeal.  *See Zeidman*, 651 F.2d at

1050 ("[I]n those cases in which it is financially feasible to pay off successive named plaintiffs,

the defendants would have the option to preclude a viable class action from ever reaching the

certification stage.").  As the Ninth Circuit reasoned:

> A rule allowing a class action to become moot simply because the defendant has
> sought to "buy off" the individual private claims of the named plaintiffs before
> the named plaintiffs have a chance to file a motion for class certification would  . .
> . contravene Rule 23's core concern: the aggregation of similar, small, but
> otherwise doomed claims . . . It would effectively ensure that claims that are too
> economically insignificant to be brought on their own would never have their day
> in court.

*Pitts*, 653 F.3d at 1091 (citations and quotations omitted).

Because this tactic, if allowed to infect the federal system, would eviscerate the use of

Rule 23 to efficiently adjudicate multiple claims, most courts routinely hold that a rejected offer

of judgment does not moot named plaintiffs' claims so long as they are not dilatory in seeking

class certification.  As the court in *Stewart* explained:

> [T]reating pre-certification settlement offers as mooting the named plaintiffs'
> claims would have the disastrous effect of enabling defendants "to essentially opt-
> out of Rule 23" . . . Such a development would eviscerate Rule 23.  No longer
> would it provide an efficient mechanism for the adjudication of numerous small-
> value claims, nor would its deterrence function have much force.  This is so

16

because once the original named plaintiffs had been "picked off" by the defendants, new named plaintiffs would have to step up to file new class cases. The defendants could pay them off as well, and so it would go, with the defendants avoiding class-wide liability, and steadily dampening the interest of putative class representatives in bringing such suits.

*Stewart,* 252 F.R.D. at 386.[24]

Moreover, if Defendant's tactic is allowed, individuals will be forced to file their own claims rather than efficiently aggregating them as a class. By doing so, Defendant is putting its own interests over those of the judicial system, which will suffer as a result of having to hear numerous individual cases rather than efficiently handled class actions. *See Stewart*, 252 F.R.D. at 386 ("[W]ith Rule 23 cast aside, those who have been harmed will be forced to file individual suits to obtain redress . . . assuming that even a few of the thousands or tens of thousands of class members are driven to hire their own lawyers and take on the defendant, the courts will be forced to contend with multiple, largely identical lawsuits, thereby wasting judicial resources."); *Weiss*, 385 F.3d at 345 ("[A]llowing plaintiffs to be 'picked off' at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well.") (citations omitted). As the Supreme Court reasoned:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

---

[24] *See also Schaake*, 203 F.R.D. at 112 (denying motion to dismiss where defendant offered judgment pre-certification and holding that "the defendant offers its own wishful recipe for tort reform, which seeks to utilize judicial activism to bypass the need for legislation by Congress."); *OSI Collection*, 2001 WL 1590518, at *6 ("The application of the mootness exception in this case is essential to prevent the race to the courthouse from entirely circumventing and stymieing the class action mechanism."); *Bond*, 2002 WL 373475, at *6 (D.R.I. Feb. 21, 2002) ("Fleet contends that this Court should dismiss this case since Fleet swiftly sent Bond a Rule 68 offer, six days after the complaint was filed, and prior to the filing of the motion for certification. However, to adopt such a position would render the class action mechanisms a nullity . . . If the class action device is to work, the courts must have a reasonable opportunity to consider and decide motions for class certification.").

*Roper*, 445 U.S. at 339.

**E.      Because Plaintiff Has Not Been Dilatory In Filing A Class
          Certification Motion, Defendant's Pre-Certification Offer Is Ineffective.**

Because Plaintiff has not been dilatory on filing his class certification motion,

Defendant's Rule 68 offer does not deprive this Court of jurisdiction.  Based on the relation-back

doctrine and the conclusion that allowing a defendant to pick off named plaintiffs would

eviscerate Rule 23, the rule is simple:  "[A] settlement offer will not moot the named plaintiffs'

claims so long as the plaintiffs have not been dilatory in bringing their certification motion."

*Stewart,* 252 F.R.D. at 386.

Here, there is no question that Plaintiff has not been dilatory in filing a motion for class

certification.  Promptly after this case was assigned to Your Honor, the Court issues an Order

Requiring Parties To Meet And File Joint Scheduling Report.  Docket No. 6.  That Order

includes suggested schedules with a specific deadline for Plaintiff to file a motion for class

certification.  *See* Docket No. 6  Attachments A-C.  Pursuant to that Order, counsel for both

parties met in person on September 16, 2013, and on October 7, 2013, they submitted a joint

schedule.  Docket No. 30.  The parties' proposed schedule specifically provides that class

certification discovery should be prioritized over other discovery, and the parties agreed upon a

specific date by which Plaintiff would file a class certification motion.  *Id.* at 2,7.  Plaintiff also

served interrogatories and requests for production on Defendant on October 11, 2013.  Moreover,

in 2004, this District repealed the local rule that would have otherwise required Plaintiff to file a

class certification motion within 90 days.  *See* Local Rule 23.1 Comments.  Thus, under the

Local Rules, this Court's suggested schedule, and the schedule agreed to by the parties,

Plaintiff's has not been dilatory in filing a class certification motion.

As the court in *Bishop* held:

The procedural history of this case makes it clear that Plaintiff has diligently pursued class certification. Plaintiff's first request for class certification is contained in the Complaint [and] Plaintiff repeatedly objected when Defendant's requests for extensions and stays would delay litigation. Furthermore, Plaintiff invariably followed the Court's rules regarding discovery and scheduling. To penalize Plaintiff for not having filed its Motion for Class Certification would effectively hold Plaintiff responsible for conduct over which it had no reasonable control and would likewise reward Defendant for seeking numerous extensions and delays. Such an arbitrary result is inconsistent with the purposes of the rules with which the Court expects all parties to abide and is contrary to the interests of justice. It also would not be supported by the underlying rationale of *Zeidman.* Consequently . . . the Court rejects Defendant's contention that Plaintiff's failure to file a motion for class certification prior to Defendant's tender automatically deprives it of Article III standing.

*Bishop*, 463 F. Supp. 2d at 1382.[25]

## F.      A Timely Rejected Rule 68 Offer Is A Legal Nullity.

This Court should adopt the relation back doctrine and find that it has jurisdiction to

adjudicate this proposed class action. But this Court need not reach this issue because the

rejected Rule 68 offer is a nullity. Under the express terms of Rule 68, a rejected offer is

inadmissible for any purpose other than to apportion costs after judgment, and it is therefore a

legal nullity prior to the conclusion of a case. As the Ninth Circuit recently explained:

[A]n unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot. This holding is consistent with the language, structure and purposes of Rule 68 and with fundamental principles governing mootness. These principles provide that "[a] case becomes moot only when it is

---

[25] *See also Schaake*, 203 F.R.D. at 112 ("It can surely be said that the Plaintiff in the instant matter . . . has in no way run afoul of Rule 23 by failing to move for certification *before the filing of the Answer.* See Fed. R. Civ. P. 23. With the class certification motion merely awaiting the relevant discovery -- and related scheduling Orders -- the Defendant's Offer of Judgment for the individual Plaintiff does not moot this matter, and the Defendant's motion to dismiss for mootness must be denied."); *Johnson,* 276 F.R.D. at 336 (granting motion to strike pre-certification offer of judgment where "a pretrial scheduling conference was held after Defendant answered, and the parties made their disclosures. Plaintiff initiated discovery to support the class-certification motion. The initial scheduling order set forth May 1, 2011 as the deadline for a class-certification motion. Defendant made its Rule 68 offer of judgment on April 13, 2011, before the class-certification motion deadline . . . There is nothing in the record to show that Plaintiff is not operating in good faith in pursuit of the class interests or that he is delaying the class-certification motion."); *Stewart*, 252 F.R.D. at 386-87 (granting motion to strike offer of judgment made before class certification deadline and holding that "the class representatives must not unduly delay in bringing their certification motions. Here, the Court finds that Stewart and Lexington have done no such thing. They filed their amended complaint on May 22, 2007, and complied with the Court's deadline of February 15, 2008, to file their class-certification motion.").

impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" Here, once First American's offer lapsed, it was, by its own terms and under Rule 68, a legal nullity.

*Diaz.*, 2013 WL 5495702, at *3 (citing *Knox,* 132 S. Ct. at 2287).  *See also McCauley v. Trans*

*Union, L.L.C.,* 402 F.3d 340, 342 (2d Cir. 2005).

In fact, the offer of judgment Defendant attaches to its motion is inadmissible and therefore cannot be considered on the motion to dismiss.  *Blackburn* is instructive.  There, the defendant made an offer of judgment for the plaintiff's statutory damages before plaintiff had an opportunity to move for class certification.  In denying the motion to dismiss, the *Blackburn* court noted that "[i]t is undisputed that Blackburn has not accepted the Offer of Judgment.  By operation of Federal Rule of Civil Procedure 68(b), the unaccepted offer must be considered withdrawn.  Furthermore, evidence of an unaccepted offer is not admissible except to determine costs.  As a technical matter then, the Court is not at all convinced that FEDCorp should be allowed to make arguments in this motion predicated on evidence of the unaccepted offer." *Blackburn,* 2011 WL 1807631, at *3 n. 1.[26]

## CONCLUSION

Defendant did not make an offer of judgment to Plaintiff because it recognized it violated the law and should pay the penalty.  Indeed, the offer of judgment explicitly denies liability. Instead, the purpose of the offer of judgment is plain; Defendant hopes to avoid liability to the entire class by picking of the Plaintiff before this Court has a reasonable opportunity to decide class certification.   This Court should not endorse such machinations.

---

[26]  *See also Harter*, 2011 WL 1458726, at *2 ("Although Defendant has made an Offer of Judgment, Plaintiff has not accepted it.  An unaccepted offer is considered withdrawn, and evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. Fed. R. Civ. P. 68(b).  Since this case is not settled as to all claims, the Court continues to have Article III subject matter jurisdiction."); *Jancik*, 2007 WL 1994026, at *4 (D. Minn. July 3, 2007) ("The Court finds that in spite of Defendant's offer, a live case or controversy exists in this case . . . Plaintiff properly rejected Defendant's settlement offer in a timely fashion, and the offer is therefore deemed withdrawn.  *See* Fed. R. Civ. P. 68.") (denying motion to dismiss where offer was made before class certification motion was filed).

Dated:      October 17, 2013

By: /s/ J. Andrew Meyer
J. Andrew Meyer, Esq.
Florida Bar No. 0056766
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201   N.   Franklin   Street,   7th   Floor
Tampa, Florida 33602
Telephone:  (813) 223-5505
Facsimile: (813) 222-4787
Primary email: ameyer@forthepeople.com
Secondary email: lannis@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, who will send a notice of electronic filing to all counsel of record.

By: /s/ J. Andrew Meyer
J. ANDREW MEYER, ESQUIRE